**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THELMA PEET,**

    **Plaintiff,**

v.                                                        Case No.  8:07-cv-1762-T-30TGW

**C & S BUILDING MAINTENANCE**
**CORPORATION, ISS FACILITY**
**SERVICES, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the Joint Motion for Approval Under Seal of Confidential Settlement Agreement (Dkt. 16), and the Affidavit of Matthew D. Westerman, Esq., in support thereof (Dkt. 18).  The Court, having reviewed the motion, supporting memorandum, and affidavit, and being otherwise fully advised in the premises, determines that the motion should be granted in part and denied in part.

The determination of a reasonable fee pursuant to section 216(b) of the Fair Labor Standards Act is left to the sound discretion of the court and will not be set aside absent a clear abuse of discretion.  Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985).  In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee.  City of Burlington v. Dague,

505 U.S. 557, 562 (1992).[1]  The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination.  See Vanslambrouck v. Palmas, Incorporated, No. 6:05-CV-525-ORL-28, 2006 WL 288237, *2 (M.D. Fla. Jan. 31, 2006).  It is also necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.  See id.  This includes, comparing the amount of attorneys' fees and costs sought in relation to the amount of damages actually recovered.  See e.g., Reyes v. Falling Star Enterprises, Inc., No. 6:04-CV-1648-ORL-KRS, 2006 WL 2927553, *9 (M.D. Fla. Oct. 12, 2006); Odil v. Evans, No. 3:01-CV-70, 2005 WL 3591962, *4 (M.D. Ga. Dec. 30, 2005); Vanslambrouck, 2006 WL 288237, *3.

Pursuant to the settlement agreement referenced in the Joint Motion, Defendant has agreed to pay Plaintiff a total of $14,400.00 in damages, inclusive of liquidated damages, plus an additional $10,600 for attorneys' fees and costs.  As the Joint Motion did not provide adequate documentation for these fees, the Court ordered counsel to provide an affidavits and time records in support of the requested fees.  Plaintiff's counsel has submitted an affidavit and time records in response to the Court's Order.  The total amount accounted for in the

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate.  A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

affidavit is $13,105.00, inclusive of attorneys' fees and costs. The billing records indicate that Plaintiff's counsel has expended 35.9 hours on this matter at a rate of $350.00 per hour, and has also billed $600.00 in costs.

This type of litigation is repetitive and form intensive, and no novel or complex motions were filed by either party in this case. Upon review, the Court concludes that 14.7 hours of excessive time was expended on interoffice conferences, calculating damages, and secretarial functions. Accordingly, Court concludes that Plaintiff's time should be reduced from 35.9 hours to 21.2 hours.

The Court concludes that the hourly rate of $350.00 per hour charged by Plaintiff's counsel is unreasonably high for this type of litigation. Considering the customary market rate in the community for this type of litigation, the Court concludes that an hourly rate of $300.00 per hour is reasonable. Furthermore, the Court concludes that only $453.00 of the costs sought by Plaintiff's counsel are reasonable.[2] Thus, the Court reduces the amount payable to Plaintiff's counsel for fees and costs to $6,813.00 (21.2 hours * $300 per hour, plus $453 in costs).

The Court finds that the remaining terms of the proposed settlement are otherwise a fair and reasonable resolution of a bona fide dispute.

It is therefore ORDERED AND ADJUDGED that:

---

[2] The Court declines to award unidentified charges for copies, facsimile, telephone, and postage charges.

1. The parties' Joint Motion for Approval Under Seal of Confidential Settlement Agreement (Dkt. 16) is **GRANTED in part and DENIED in part** as set forth herein.

2. The parties' settlement is **APPROVED** subject to the reduction in attorney's fees and costs set forth herein.

3. This action is **DISMISSED with prejudice**.

4. The Court will retain jurisdiction for sixty (60) days to enforce the parties' settlement agreement, should such enforcement be necessary.

5. All pending motions are denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2008.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-1762.approve settlement.frm